## ADAIR v SHARP, Exr et

Ohio Appeals, 2nd Dist, Franklin Co

No 2462. Decided Oct 26, 1934

Turner & Calland, Columbus, and George W. Ritter, Toledo, for plaintiff in error.

Thomas H. Clark, Columbus, and Frank M. Raymond, Columbus, for defendant in error.

**OPINION**

By BARNES, J.

Plaintiff in error's position may be substantially stated from the quotation of Perry on Trusts, Volume 2, §920, contained on page 2 of the original brief of counsel:

"Although a trust may not have ceased by expiration of time, and although all its purposes may not have been accomplished, yet if all the parties, who are or may be interested in the trust property are in existence, and sui juris, and if they all consent and agree thereto, and if there is no ultimate purpose requiring its continuance, the courts of equity may decree the termination of the trust and the distribution of the trust fund among those entitled."

The brief also presents many cases from other jurisdictions in line with the above quotation from Perry on Trusts. Also we find cited the case of **Gloyd v Roff, 2 C.C., 253.** This is an Ohio case claimed to be similar in its facts and determinative of the instant case. The syllabus reads as follows:

"Where a testator, by his will, directed his executors to invest a specific fund, the income thereof to be paid to the widow during her life and widowhood, and at her death the principal thereof to be paid to her two sons; and the sons, on both arriving at the age of maturity, executed under their hands and seal to the widow an assignment of all their interest and right in such fund, authorizing her thereby to receive, collect and use, and dispose of such fund in any manner she might see proper, there being no other parties having any interest in such fund; HELD, a state of things having arisen not contemplated or provided for by the testator in his will, and the entire interest in the fund having vested in the widow, equity will declare the trust terminated and order the transfer of the fund over to her subject to the payment of all proper charges to the trustees."

Counsel for defendant in error urge that the purpose of the trust has not been accomplished and therefore it is requisite that the trust be continued. This argument at once challenges the application of the quotation from Perry on Trusts, wherein there is presented as one of the items for the termination of the trust "and if there is no ultimate purpose requiring its continuance."

The case of Gloyd v Roff, 2 C.C., supra, is distinguished in that in the reported case the instrument creating the trust directed the trustee to pay the entire income to the cestui qui trust, whereas in the instant case discretion is vested in the trustee as to the amount to be paid to the beneficiaries.

It is further urged by counsel for defendant in error that Item 8 of the will of the testatrix under its language creates a spendthrift trust, and then follows with a list of authorities holding that a spendthrift trust can not be terminated through court order.

Without citation of authority it may be stated that the courts universally in all jurisdictions have held that spendthrift trusts may not be terminated under court order. On this principle of law there is no controversy, but counsel for plaintiff in error insist that the language of Item 8 of the will is not such as to constitute a spendthrift trust. In support of this claim counsel maintain that there are three essential elements, all absent in the instant case, but necessary to the operation of a spendthrift trust. They are as follows:

1. There must be a provision against alienation or assignment by the cestui qui trust.

2. There must be a provision against subjection of fund to claims · or demands of creditors.

3. The bequest or gift must be of income only.

The citations of authorities upon which the above essential elements are founded are supporting. The mere reading of Item 8 will disclose that it contains no direct allegations against alienation or assignment, nor against subjection of fund to claims or demands of creditors.

Express language will not be required if, from the whole instrument, it is manifest that such was the intention of the testator. In support of the above announcement, we would cite Corpus Juris, Volume 65, page 265, last paragraph, under §46, which reads as follows:

"Declarations of spendthrift trusts need not denominate the beneficiary a spendthrift, nor give reasons for creating the trust, nor contain all restrictions and qualifications incident to such a trust, nor expressly declare that the interest of the cestui qui trust shall be beyond the reach of creditors, so long as the intention of the settler to create such a trust is clear from the instrument as a whole."

We also make reference to this same volume of Corpus Juris, at page 542, last paragraph on above page and part of §290: "A spendthrift trust without vested interest is created where, under the terms of the trust instrument, the trustee may pay income for life to either the beneficiary or his wife, or the survivor, or their issue, or any of them in the trustee's discretion."

Reference is also made to the case of Brinker v Speer, Executor, 8 Ohio Decisions, Rep. 755. The syllabus reads as follows: "Where the payment of the legacy depends upon the discretion of the executor of a will, the legatee can not recover it for himself, and it can not be subjected to payment of his debts."

The above was a decision by Judge Smith, of the Court of Common Pleas of Hamilton County, and bears evidence of very careful thought and consideration.

It is our conclusion that under the discretionary power given to the trustee under item 8 of the will of the testatrix, the bene-

ficiaries, Mr. and Mrs. Adair, would not have the power of alienation or assignment, nor would the fund which might be paid to them under the discretion of the trustee be subject to the claims or demands of creditors.

There would be no interest or title passing until the trustee exercised his discretion.

There remains for discussion the third proposition "That the bequest or gift must be of income only."

We have examined the cases cited by counsel for plaintiff in error on pages 4 and 5 of the reply brief and they do hold that the bequest or gift must be of income only. A careful reading of these cases leads us to the conclusion that they may be distinguished from the facts of the instant case.

In the main they refer to real estate and income therefrom and under such a situation the reason for the rule is apparent. In one case the language of the trust is so at variance with the instant case as to be distinguishable.

As a rule of reason we can not see that the fact that under Item 8 of the will the trustee is given discretionary power to use a part or all of the principal of the trust property for the care, health .or comfort of either Henry S. or Mary Grace Adair should deny the characterization of a spendthrift trust.

Even if it be admitted that a spendthrift trust was not created under Item 8 of the will of the testatrix, we still think that under the Ohio authorities the trial court was correct in sustaining demurrer and dismissing petition. In the court below the determination was founded upon the case of Madden, Trustee v Shallenberger, Guardian et, 121 Oh St, 401. It is quite true that the facts therein and question for determination may be readily distinguished from the instant case, yet the reasoning of the court and the syllabus bear directly on the case now being determined. Syllabus 4 reads as follows:

"4. The concerted action of all of several beneficiaries of a testamentary trust to absolve their several estates from the conditions and restrictions imposed by the testatrix is no more effective to accomplish that purpose than the sole action of a sole beneficiary is effective to absolve his estate from such conditions and restrictions."

We also call attention to the following from page 410 of the opinion: "The discretion imposed in the trustee

was such as would be expected to stimulate in her beneficiaries honesty, industry, frugality, and good morals; and the selection by the testatrix of a trustee with such broad discretion necessarily involved a consideration by her of his personal characteristics. Her appointee, therefore, cannot and ought not to be removed without good cause."

Mary H. Adair, under Item 8 of her will, created a trust in very clear and positive terms, investing a discretion in the trustee as to the amount of payment of either income or principal, and also a like discretion in payments to Henry S. Adair and Mary Grace Adair, either or both.

The situation today exists just as it did at the time of the execution or probate of said will, except that the grandchildren have since arrived at the age of maturity. To our minds it is very clear that the testatrix did not intend the situation to be changed when the grandchildren became sui juris. It was her desire that this discretion of the trustee be exercised until the time of the death of her son and daughter-in-law, or the survivor. To decree the termination of the trust would be a violation of the clear intent of the testatrix.

The case of **Robbins et v Smith, Jr., Admr. et, 72 Oh St, page 1,** is also cited. Again, in this case a different question of law was involved, but the reasoning of the court in arriving at its conclusion is applicable here. Syllabus 1 provides as follows:

"1. A trust created by will, the provisions of which are not repugnant to law or contrary to public policy, will not be decreed terminated where the objects of the trust have not been fully accomplished and their accomplishment has not been made impossible."

In the instant case the trust created by the will of Mary H. Adair is not repugnant to law or contrary to public policy; the purpose of the trust has not been fully accomplished, nor has its accomplishment been rendered impossible.

When ascertainable and not contrary to any fixed principle of law, courts will always seek to carry out the intent of the testatrix as expressed in the will. It appearing that the trust has not been fully accomplished and finding no legal impediment to its continuance, it is our conclusion that the trustee should not be removed.

Finding no prejudicial error in the judgment of the trial court, the petition in error will be dismissed at costs of plaintiff in error.

Exceptions will be allowed.

HORNBECK, PJ, and KUNKLE, J, concur.